PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL CAMPBELL,

       Plaintiff,                             **DECISION AND ORDER**

    -v-                                       6:21-CV-6458-EAW

STATE OF NEW YORK and DR.
MELISSA BELGARD, M.D.,

       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Carl Campbell, is a prisoner currently confined at the Mohawk Correctional Facility. He filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff also submitted a motion seeking leave to proceed *in forma pauperis* (Dkt. 2), and a motion for additional time to locate an attorney (Dkt. 7). He is seeking monetary damages. (Dkt. 1 at 5).

The Court finds that Plaintiff has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a) and has submitted a signed authorization. His request to proceed *in forma pauperis* is therefore granted. The Court has conducted an initial review of the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, Plaintiff's official-capacity claims and the claims against State of New York for money damages are dismissed with prejudice, and Plaintiff's inadequate medical treatment claim shall proceed to service against Defendant Melissa

1

Belgard, M.D. ("Defendant Belgard"). Plaintiff's motion for additional time to locate an attorney is denied as moot.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action commenced by a prisoner against a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such award. *See* 28 U.S.C. § 1915A(b)(1)-(2). While the Court may afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

In evaluating the complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation

marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that

3

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020) (internal quotation marks and citation omitted).

## II.     **Plaintiff's Allegations**

In the complaint, Plaintiff alleges that Defendant Belgard deprived him of adequate medical treatment under the Eighth Amendment's Cruel and Unusual Punishment Clause.

Plaintiff alleges that when he was previously confined at the Auburn Correctional Facility, he suffered a back injury and began to lose his ability to walk. (Dkt. 1 at 5). After he fell while using crutches, Plaintiff was relegated to a wheelchair and transferred to the Five Points Correctional Facility ("Five Points") for a handicap-accessible cell. (*Id.*).

While Plaintiff was housed at Five Points, he was admitted to the medical department. (*Id.*). Defendant Belgard, a physician employed at Five Points, physically examined Plaintiff and was presented with his medical records. (*Id* at 4). However, despite Plaintiff's request, Defendant Belgard declined to have an MRI and CT administered for his undiagnosed back injury. (*Id*. at 4-5). On August 2, 2018, Plaintiff filed a grievance alleging deliberate indifference to a serious medical need. (*Id*. at 5). Plaintiff was subsequently transferred to Walsh R.M.U., six to eight weeks after his initial injury, and a physician at Syracuse Upstate Hospital ordered tests to be done. (*Id.*). The tests confirmed that Plaintiff was suffering from a disc that "popped out of [his] spine" and spinal cord compression. (*Id.*). Plaintiff underwent surgery the next day and is still wheelchair-bound.

(*Id.*). Plaintiff seeks $10,000,000.00 in monetary damages, or "what the court deem acceptable" for "future operations" and "pain and suffering." (*Id.*).

### III.     Eleventh Amendment Immunity

To the extent that Plaintiff seeks money damages against the State of New York and Defendant Belgard in her official capacity, those claims are dismissed with prejudice.

The Eleventh Amendment bars actions for damages against states and state agencies. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). This immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. at 366 (internal quotation marks omitted). Here, the State of New York, and the state officials in their official capacities are not subject to suit under the immunity granted by the Eleventh Amendment. Further, any amendment to the complaint would be futile because the Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against New York State unless the State has consented to the suit or waived this immunity or Congress has abrogated it. *See* U.S. Const. amend. XI; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). It is well established that "[t]he State of New York has not waived its sovereign immunity in regard to section 1983 actions nor has its sovereign immunity been abrogated." *Goonewardena v. New York,* 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007). Consequently, Plaintiff's official-capacity claims and claims against the State of New York for money damages are dismissed with prejudice, and the State of New York is dismissed from this action. *See Cuoco*, 222 F.3d at 112; *Dubarry v. Capra*, No. 21-CV-5487 (KMK), 2021 WL 3604756,

at *1 (S.D.N.Y. Aug. 13, 2021) ("Moreover, the individual defendants are all DOCCS employees and thus state agents. The Eleventh Amendment therefore also bars the claims for damages against the individual defendants in their official capacities, and these official-capacity claims are also dismissed.").

## IV.     Inadequate Medical Treatment

Plaintiff's claim against Defendant Belgard for violating his Eighth Amendment right to adequate medical treatment is sufficient to proceed to service.

For the denial of medical care to amount to the "cruel or unusual punishment" prohibited by the Eighth Amendment, Plaintiff must prove that Defendant Belgard's actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 102, 106 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), this standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court

must consider whether the deprivation was brought about by a defendant in wanton disregard of those rights. *Id*.

### a. Serious Medical Need

To qualify as a serious medical need for Eighth Amendment purposes, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *Chance*, 143 F.3d at 703 (finding serious dental need where plaintiff alleged that he suffered extreme pain, his teeth deteriorated, and he had been unable to eat properly); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (deprivation of needed eyeglasses to avoid double vision and loss of depth perception may produce consequences that "adequately meet the test of 'suffering' [under] *Gamble*, [429 U.S. at 103]"). Given the situation described by Plaintiff – that he is wheelchair bound, unable to walk, and in extreme pain – the Court finds that Plaintiff has described a serious medical need.

### b. Deliberate Indifference

For his claim to survive this initial review, Plaintiff must also address the subjective component – that the prison officials were deliberately indifferent to this need. Plaintiff must adequately allege that the prison official had actual knowledge of Plaintiff's serious medical needs but was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837

(1994); *Brock v. Wright*, 315 F.3d 158, 165 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

"[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). Prison officials have broad discretion in determining the type and extent of medical treatment given to inmates, and a court cannot impose the same standards of medical care upon a prison as it would expect from a hospital. *See Jackson v. Sheehan*, No. 16-CV-6710, 2021 WL 795313, at *4 (W.D.N.Y. Mar. 2, 2021); *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). However, a prison physician may be found deliberately indifferent if their care towards an inmate falls below constitutional requirements. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (recognizing that the Eighth Amendment prohibits inflictions of pain that are totally "without any penological" justification and care that fails to maintain a "minimal civilized measure of life's necessities"). Here, Plaintiff's allegations assert that Defendant Belgard denied Plaintiff's request to order MRI and CT scans for his then undiagnosed injury, which had left him unable to walk, confined to a wheelchair, and in severe pain. (Dkt. 1 at 4-5). When examined by Dr. Sun at Syracuse Upstate Hospital, the necessary tests were administered, the injury was discovered, and surgery was performed the following day. (*Id* at 5). Plaintiff's condition was so serious that Dr. Sun asked him why it took so long to have the proper tests done. (*Id.*).

Courts within the Second Circuit have found viable inadequate medical treatment claims where prison officials were deliberately indifferent by delaying access to additional medical care for a serious need that required medical intervention. *See Hathaway v.*

*Coughlin*, 841 F.2d 48, 50-51 (2d. Cir. 1988) (delayed surgery for broken hip pins); *Lloyd v. Lee*, 570 F. Supp. 2d 556, 568-69 (S.D.N.Y. 2008) (delayed MRI testing for torn rotator cuff). Here, Plaintiff has adequately alleged the elements of his § 1983 claim against Defendant Belgard, at least for purposes of screening. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Hence, the complaint sets forth specific allegations that, if proved, would allow a reasonable fact finder to conclude that [the plaintiff] had a serious medical need and that the [defendant was] deliberately indifferent to that need." (internal quotation marks and citation omitted)). Therefore, Plaintiff's medical care claim may go forward at this time.

## **ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that State of New York is dismissed as a defendant in this action;

FURTHER, that the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, Complaint, and this Order upon Defendant Melissa Belgard, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[1]

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

FURTHER, that the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.OBrien@ag.ny.gov>;

FURTHER, that the Clerk of Court utilize the mailing address for non-inmate mail provided by the New York State Department of Corrections and Community Supervision's website as needed;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), Defendant is directed to answer the complaint; and

FURTHER, that there being no deadline imposed for Plaintiff to locate an attorney, his motion for extension of time to do so is denied as moot.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 20, 2021
       Rochester, New York